UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON FAISON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 3:09cv684 (MRK) |
| | : | |
| COMMISSIONER, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM OF DECISION**

Currently pending before the Court is Jason Faison's Petition for a Writ of Habeas Corpus [doc. # 1] filed pursuant to 28 U.S.C. § 2254. On September 22, 2006, Mr. Faison was convicted by a jury in the Connecticut Superior Court of sexual assault in the first degree in violation of Connecticut General Statutes § 53a-70(a)(1), kidnapping in the first degree in violation of Connecticut General Statutes § 53a-92(a)(2)(A), and conspiracy to commit kidnapping in the first degree in violation of Connecticut General Statutes §§ 53a-48 and 53a-92(a)(2)(A). On December 8, 2006, the trial court imposed a sentence of 40 years incarceration. Mr. Faison appealed, and on January 27, 2009, the Connecticut Appellate Court affirmed the judgment of conviction. *See State v. Faison*, 112 Conn. App. 373 (2008). Mr. Faison then sought discretionary review by the Connecticut Supreme Court, which denied review. *State v. Faison*, 291 Conn. 903 (2009). On April 27, 2009, he filed his Petition for Writ of Habeas Corpus with this Court, challenging his state court conviction on two grounds: (1) that the trial court's refusal to grant immunity to a defense witness, who invoked his Fifth Amendment right not to testify, denied him the right to present an effective

defense, in violation of the Sixth and Fourteenth Amendments to the United States Constitution; and (2) that the trial court's refusal to allow the testimony of a defense investigator about statements made to him by that same witness prevented him from presenting a complete defense, in violation of the Sixth and Fourteenth Amendments.

**I.**

The facts underlying Mr. Faison's conviction are discussed at length in the opinion of the Connecticut Appellate Court, *see Faison*, 112 Conn. App. at 375-78, and will not be repeated here.

In his Petition, Mr. Faison first claims that the trial court's refusal to grant immunity to a defense witness, Steven Natale, deprived him of his constitutional right to an effective defense. Defense counsel had subpoenaed Mr. Natale to testify at trial. *See* Tr. 9/18/06 at 102. Mr. Natale had been identified as the victim's former boyfriend, a friend of Mr. Faison, and the person through whom the victim and Mr. Faison had met. *See* Tr. 9/15/06 at 75; Tr. 9/14/06 at 23-26, 45. Mr. Natale, however, did not appear in court. *See* Tr. 9/18/06 at 102-03. Accordingly, at the request of defense counsel, the court issued a capias for his arrest. *See id.* at 104-08. Shortly before the issuance of the capias, a warrant was also lodged for his arrest, charging him with intimidating and conspiring to intimidate the State's witness, specifically the victim. *See id.* at 107-08; Tr. 9/21/06 at 2-3.

On September 21, 2006, Mr. Natale was brought before the court. His counsel advised the court that Mr. Natale wished to invoke his Fifth Amendment right against self-incrimination, *see* Tr. 9/21/06 at 4-5, and upon direct examination, Mr. Natale refused to answer all questions propounded by the State. *See id.* at 6-8. The trial court determined that Mr. Natale's assertion of that right was valid, and defense counsel agreed. *See id.* at 8-9. Defense counsel then asked the court to order the

State to grant immunity to Mr. Natale. *See id.* at 9. The court inquired as to whether counsel "had any authority for that proposition that the court had the ability to do that when all the case law is to the contrary," *id.*, and defense counsel responded that he did not. *See id.* Defense counsel then asked the court to give Mr. Natale immunity. *See id.* The court inquired again as to whether he had any case law to support this request, and he again responded that he did not. *See id.*

The federal habeas statute, 28 U.S.C. § 2254(b)(1)(A), expressly requires the exhaustion of all remedies available in the state courts before a federal court can grant a writ of habeas corpus. *See Carvajal v. Artus*, --- F.3d ----, 2011 WL 206181, at \*6 (2d Cir. 2011). Exhaustion requires that the petitioner have fairly presented his federal claims to the state court in order to give the state court the opportunity to rule on and correct alleged violations of the state prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995). While the petitioner is not required to cite chapter and verse of the United States Constitution, he must present his challenge in terms that are likely to alert the state court to the federal nature of his claim. *See id.* "If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred," *Carvajal*, --- F.3d ----, 2011 WL 206181, at \*6, this Court "must deem the claim procedurally defaulted." *Id.* (quotation marks, alteration, and citation omitted).

In Mr. Faison's case, when defense counsel requested immunity for Mr. Natale, he never raised Mr. Faison's federal constitutional right to present an effective defense before the trial judge. On appeal, the theory that Mr. Faison had been deprived of his federal constitutional right to present an effective defense was raised for the first time in Mr. Faison's reply brief. The Connecticut Appellate Court refused to reach the merits of that claim because it had not been properly preserved

before the trial court, as required by Connecticut Practice Book § 60-5 ("The court shall not be bound to consider a claim unless it was distinctly raised at the trial. . . ."). *See Faison*, 112 Conn. App. at 380.

The Connecticut Appellate Court also rejected Mr. Faison's attempt to secure review pursuant to *State v. Golding*, 213 Conn. 233 (1989), which allows a defendant to raise an unpreserved claim on appeal under certain circumstances. *See Faison*, 112 Conn. App. at 381. The Connecticut Supreme Court has held that *Golding* cannot be raised for the first time by way of a reply brief. *See State v. McKenzie-Adams*, 281 Conn. 486, 534 n. 23 (2007). Because Mr. Faison failed to request review in his main brief, the Appellate Court declined to review his claim under *Golding*. Mr. Faison now contends that the Appellate Court should have exercised discretion to review his claim under *Golding* and, by failing to do so, it deprived him of his right to a fair trial.

Where a state court has refused to review the merits of a claim because it was not raised at trial as required by state procedures, and the claim was thus procedurally defaulted, federal habeas relief is not available absent a showing of cause and prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under the cause and prejudice test, "cause" must be something external to the petitioner – that is, some external impediment preventing counsel from raising or constructing the claim. *Id.* at 753. Attorney ignorance or inadvertence is not considered "cause." *Id.* Here, no such external cause has been cited. Thus, Mr. Faison has failed to establish good "cause" for his failure to comply with state procedures in seeking review of this claim before the state courts. Because Mr. Faison failed to fairly present to the state court his federal constitutional claim that the failure to grant immunity to Mr. Natale violated his right to present an effective defense, that claim was procedurally defaulted and cannot serve as the basis for habeas relief. *See id.* at 750.

Even if this Court were to find that this claim had not been procedurally defaulted, Mr. Faison is not entitled to habeas relief because the trial court's failure to grant immunity to Mr. Natale did not violate clearly established federal law. Pursuant to 28 U.S.C. § 2254(d)(1), a writ of habeas corpus may issue "only if one of the following two conditions is satisfied – the state court adjudication resulted in a decision that (1) 'was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *Williams v. Taylor*, 529 U.S. 362, 412 (2000). [Th]e phrase 'clearly established Federal law' . . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.*

At the time of Mr. Faison's state court trial, there was "no clearly established federal law" that would have compelled the trial court to immunize Mr. Natale. *Id.* The Second Circuit has held that "[a]bsent extraordinary circumstances, 'the Due Process Clause imposes no requirement that defense witness immunity be ordered whenever it seems fair to grant it.'" *United States v. Diaz*, 176 F.3d 52, 115 (2d Cir. 1999) (quotation marks and citation omitted); *see also United States v. Turkish*, 623 F.2d 769, 774 (2d Cir. 1980) (finding that neither the Sixth Amendment's Compulsory Process Clause nor the Due Process Clause of the Fifth Amendment "places upon either the prosecutor or the court any affirmative obligation to secure testimony from a defense witness by replacing the protection of the self-incrimination privilege with a grant of use of immunity"). A necessary requirement for a finding of extraordinary circumstances is that "[the] prosecutor has abused the government's ability to grant immunity by using it in a discriminatory fashion for the purpose of gaining a tactical advantage." *Blissett v. Lefevre*, 924 F.2d 434, 442 (2d Cir. 1991). Mr. Faison has

not alleged any facts of that sort. Thus, the trial court's refusal to grant immunity to Mr. Natale was

not in tension with Second Circuit precedent, let alone contrary to "clearly established federal law,

as determined by the Supreme Court." *Williams*, 529 U.S. at 412. Because Mr. Faison's effective

defense theory was not clearly established as a matter of federal law, Mr. Faison's habeas claim could

not succeed on that basis, even if the claim were not procedurally defaulted. *See id.*

## II.

The second ground urged by Mr. Faison in support of his Petition is that the trial court's

refusal to allow Tony Smith, a defense private investigator, to testify as to statements made to him

by Mr. Natale violated Mr. Faison's federal rights to present a complete defense. Mr. Smith's

proffered testimony was that Mr. Natale had related to him over the course of several meetings that

the victim admitted to him that she had lied about the incident with Mr. Faison, *see* Tr. 9/21/06 at

12; and that the victim admitted to doing the same thing to another man, who was now serving time.

*See id.* Mr. Smith testified that he did not have any personal knowledge of these matters, that his

interviews with Mr. Natale had not been reduced to writing, and that Mr. Natale's statements were

not made under oath. *See id.* at 12-13.

Defense counsel sought to admit that testimony based upon the residual exception to

Connecticut's hearsay rule, and based upon a defendant's right to a fair trial under the Due Process

Clause and his right to present a defense under the Sixth Amendment. *See* Tr. 9/21/06 at 14. The

State objected to the admission of the testimony as double hearsay and contended that it lacked the

guarantees for trustworthiness and reliability required by the residual exception to the hearsay rule.

*See id.* at 16.

Mr. Faison first argues that the trial court erred in refusing to admit the testimony under the

6

residual exception to Connecticut's hearsay rule. *See* Conn. Code of Evid. § 8-9. The Connecticut

Appellate Court rejected that claim, finding that Connecticut's residual exception did not apply to

Mr. Natale's hearsay statements. *See Faison*, 112 Conn. App. at 384-85. "[I]t is only noncompliance

with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal

courts. . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations

on state-law questions." *Wilson v. Corcoran*, 562 U.S. ----,131 S. Ct. 13, 16 (2010) (citation and

quotation marks omitted; second alteration in original). Because the Connecticut Appellate Court's

conclusion that Mr. Natale's statements were properly excluded was a determination of a state-law

question, it is not the province of this Court to reexamine that conclusion. *See Carvajal*, 2011 WL

20681, at *8. Mr. Faison's argument that the trial court erred in its refusal to admit Mr. Smith's

testimony under the residual exception to Connecticut's hearsay rule cannot serve as the basis for

federal habeas relief.

To the extent that Mr. Faison contends that the state court's ruling violated his federal

constitutional rights, his claim still fails, as the Connecticut Appellate Court neither "arrive[d] at a

conclusion opposite to that reached by the Supreme Court of the United States on a question of law,"

nor "decide[d] a case differently than the Supreme Court on a set of materially indistiguishable

facts." *Hawkins v. Costello,* 460 F.3d 238, 242 (2d Cir. 2006); *see* 28 U.S.C. § 2254(d)(1). While

a criminal defendant has a constitutional right grounded in the Sixth Amendment's compulsory

process and confrontation clauses and the Fourteenth Amendment's Due Process Clause to "a

meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690

(1986), that right is not without limits. A defendant must comply with established procedural and

evidentiary rules that are designed to assure fairness and reliability. *Chambers v. Mississippi*, 410

U.S. 284, 295, 302 (1973).

In determining whether the exclusion of evidence violated a criminal defendant's federal constitutional right to present a complete defense, this Court starts with the propriety of the state court's evidentiary ruling. *Hawkins*, 460 F.3d at 244. If the evidence was correctly excluded, the Court will only consider whether the evidentiary rule is arbitrary or disproportionate to the purposes it is designed to serve. *Id.*

Here, it appears that Mr. Smith's testimony was correctly excluded. Under the residual exception to Connecticut's hearsay rule, a hearsay statement not admissible under other exceptions to the hearsay rule may nonetheless be admitted into evidence "if the court determines that (1) there is a reasonable necessity for the admission of the statement, and (2) the statement is supported by equivalent guarantees of trustworthiness and reliability that are essential to other evidence admitted under traditional exceptions to the hearsay rule." Conn. Code of Evid. § 8-9. Statements that are not supported by sufficient guarantees of trustworthiness and reliability do not gain the benefit of that residual exception. *See, e.g.*, *State v. Henry*, 72 Conn. App. 640, 663, *certification denied*, 262 Conn. 917 (2002) (holding that a witness's unsworn written statement was not imbued with the guarantees of trustworthiness and reliability to support its admission under the residual exception to the hearsay rule, where the witness gave his statement to a private investigator rather than the police, he knew the subject of the inquiry, and his neutrality was questionable).

The Connecticut Appellate Court found that Mr. Nadale's statements were properly excluded under Connecticut law because they lacked sufficient indicia of reliability: Mr. Natale's statements were made to a private investigator, not a law enforcement officer, and thus carried no penalty of perjury; they were not made under oath; the investigator had no personal knowledge of these matters;

8

Mr. Natale did not provide a written statement; Mr. Natale's neutrality was questionable due to his friendship with the defendant; Mr. Natale had also been charged in connection with the kidnapping and would benefit by these statements; and Mr. Natale was not available for cross-examination. *See Faison*, 112 Conn. App. at 384-85.

Thus, the only issue is whether the evidentiary rule applied by the Connecticut court is arbitrary or disproportionate to the purposes it is designed to serve. *Hawkins*, 460 F.3d at 245. "State and Federal Governments unquestionably have a legitimate interest in ensuring that reliable evidence is presented to the trier of fact in a criminal trial. Indeed, the exclusion of unreliable evidence is a principal objective of many evidentiary rules." *United States v. Scheffer*, 523 U.S. 303, 309 (1998). The hearsay rule, Conn. Evid. Code § 8-9, as applied here to exclude unreliable double hearsay statements, "was neither 'arbitrary' nor 'disproportionate to the purposes [the rule was] designed to serve' of ensuring the reliability of evidence presented at trial." *Buie v. Phillips*, 298 F. App'x 63, 66 (2d Cir. 2008) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). Therefore, there was no violation of Mr. Faison's federal constitutional right to present a complete defense that would entitle him to habeas relief. The Connecticut Appellate Court's decision with regard to the exclusion of Mr. Natale's statements was neither "contrary to" nor "involved an unreasonable application of . . . of clearly established federal law." 28 U.S.C. § 2254(d)(1).[1]

---

[1] A second ground for federal habeas relief, not applicable here, is if the state court's adjudication of the petitioner's claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d)(2).

**III.**

In sum, having rejected both of the grounds for relief asserted in Mr. Faison's Petition for Writ of Habeas Corpus, the Court DENIES his Petition for Writ of Habeas Corpus [doc. #1]. Furthermore, because Mr. Faison has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. **The Clerk is directed to enter judgment for the Respondent and to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **February 11, 2011.**